## Staunton.

### J. B. JOHNSON, ET ALS. V. Z. L. BURSON, ET ALS.

September 17, 1925.

Absent, West and Campbell, JJ.

1. INJUNCTIONS—*Trespass—Permission of Landowner—Burden of Proof—
   Case at Bar.*—The instant case was a suit to enjoin defendants'
   taking or interfering with the real property of complainant. Defend-
   ants were constructing a road for the board of supervisors of the
   county and claimed that they were acting with complainants' per-
   mission.

   *Held:* That the burden of proof was clearly upon defendants to show
   their authority from the landowner.

2. INJUNCTION—*Trespass—Permission of Landowner—Case at Bar.*—
   In the instant case, where complainants sought to enjoin defendants
   from taking or interfering with their real property in the construc-
   tion of a road, the defendants answered that what they had done was
   with the permission and consent of the complainants. Defendants
   failed to show the particulars of their agreement or tentative agree-
   ment with the landowners. They failed to show with definiteness
   just how much land they had the right to use. The evidence
   clearly showed that the defendants were pure trespassers so far
   as their work upon the proposed road at a certain point was
   concerned, for this was never mentioned in the agreement.

   *Held:* That defendants failed to establish their defense of permission.

3. INJUNCTIONS—*Costs—Service of Process on Defendant.*—Where a defend-
   ant in an injunction suit was never served with process, and never
   answered the bill, costs could not be adjudged against him.

Appeal from a decree of the Circuit Court of Wash-
ington county. Decree for complainant. Defendants
appeal.

*Amended and Affirmed.*

The opinion states the case.

*T. C. Phillips* and *John W. Neal*, for the appellants.

*John T. DeHart*, for the appellees.

PRENTIS, P., delivered the opinion of the court.

The appellees, hereafter called the complainants, filed their bill against J. B. Johnson, O. L. Cross and Henry Cross, hereafter called the defendants, in which the allegations are substantially these:

That the legal title to a large farm in Washington county, Virginia, was vested in Mattie J. Burson for life, with remainder in fee to Z. L. Burson and Estelle Burson; that Johnson and one Cole, acting jointly under order of the board of supervisors of Washington county, made a survey for a graded road along the western boundary of the farm, to connect with another public road; that Johnson and Cole sought to secure from the owners an agreement whereby they would be permitted to move the fence back three or four feet along a line extending from Reedy road to a certain gate at Worsham's farm, assuring them that under no circumstances would more than four feet be taken, and promising to build complainants a lawful and tight fence along the proposed road; that while Mattie J. Burson at first agreed to this, she afterwards found that it was unsatisfactory to the remaindermen, and so informed Johnson that she would not agree to anything with reference to her land until the other parties in interest consented thereto, and that he should see her son, Z. L. Burson, and endeavor to get him to agree to the proposal and it would then be satisfactory to her; that with this as their only author-

ity, O. L. Cross and Henry Cross, construction fore-
men, thereafter entered on the premises with workmen,
teams, wagons and plows, tore down the fences, reset
them twelve feet inside of their old location; that the
taking of this land over and above three or four feet
agreed upon is without authority, and that instead of
being limited to the short distance so tentatively
agreed on, it extends 500 feet in length, from the forks
of Reedy creek road to the spring house at Jack Wor-
sham's farm; that in addition to this they removed the
fence at another place opposite what is described as
Worsham's cattle pass below the gate, and that this
was not referred to in the said tentative agreement,
and is wholly without warrant or right; that the taking
first mentioned is in excess of the tentative agreement,
and the second taking is without any authority what-
ever.    They therefore pray for an injunction.

The defendants, Johnson and O. L. Cross, answered
this bill, admitting the title of the land, their entry
upon it, but claiming that they were acting under and
by authority of an agreement.    In their answer they
say that "it was agreed that the stakes should be set
before any agreement was reached, to show exactly
what land would be used; these stakes were set by
the surveyor, N. B. Cole, and were pointed out and
explained to Mrs. Mattie J. Burson by him; after
these occurrences a final agreement was had with the
complainant, Mattie J. Burson, whereby permission
was given by her to construct the road according to the
stakes provided a new fence was built along the hog
lot and provided the permission of Z. L. Burson was
secured;" and that Z. L. Burson's permission was
secured thereafter.    They aver that it was not necessary
to secure Estelle Burson's permission, because she
had no title to that side of the farm, their conveyance

showing that the territory sought to be taken for the new road belonged solely to Z. L. Burson, subject to his mother's life estate. They admitted doing the acts complained of, but claimed that they were acting with express authority from the owners.

The case then presents a question of fact, and we see no reason for discussing the questions of law to which so much of the briefs is devoted. The entry and the acts complained of being admitted, the question is whether they were done by authority of the owners of the property.

The trial court, upon the final hearing, perpetually enjoined and restrained the defendants from taking or otherwise interfering with the property of complainants, and awarded them costs, "without prejudice to the board of supervisors of Washington county, Virginia, or other proper road authorities to acquire any rights in said property in any proper legal manner or proceeding, if they be so advised," and directed the taking of an account of the damages incurred by the complainants. This appeal is taken from that decree.

There is sharp conflict in the testimony. The acts complained of are clearly shown, and the defendants defend their conduct upon the ground that they were fully justified by the permission which they had received from the owners of the property. The burden, of course, is clearly upon the defendants to show such authority.

No good purpose would be served by undertaking to recite the evidence in detail, or to point out the conflicts therein. It is sufficient to say that the defendants have clearly failed to show the particulars of their agreement, or tentative agreement with the landowners. They fail to show with definiteness just how much land they had the right to use. The evidence

clearly shows that they were pure trespassers so far as their work upon the proposed road at Worsham's cattle pass is concerned, for this was never mentioned.

It appears that in moving the old fence back, they left it in such a condition that it was unsafe to leave the stock in that enclosure, and the complainants were forced to confine it elsewhere. We conclude, therefore, that the trial court rightly determined that the complainants were entitled to the relief prayed for. The case is one in which, if the defendants had been tactful and considerate they could have secured the land necessary for the improvement of the road, and they were certainly not justified in acting upon the uncertain and indefinite permission which they had secured to exceed their authority so flagrantly, and in failing up to the time of injunction to perform their admitted duty of supplying a new fence to take the place of the old one. It is claimed by them that it was their ultimate intention to build the new fence, but it was never the intention of the landowners to permit them to destroy the old fence before substituting the new one which was so necessary in order to confine their stock to their premises. Given an inch only, and upon conditions, they have sought to take an ell, and have ignored all of the conditions.

Henry Cross was never served with process and never answered the bill, and he assigns as error that the court decreed against him for costs. This assignment is well taken. We will, therefore, amend the decree appealed from by dismissing the bill as to him, and affirm it as to the other two defendants.

*Amended and Affirmed.*